**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 12-01604 VAP (DTBx)                        Date:  November 21, 2013

Title:  RANDY HORN D.D.S., INC. PROFIT SHARING PLAN, ETC., ET AL., -v- HIGH POINT SERVICES, INC., ETC., ET AL.,

===============================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:      ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION (IN CHAMBERS)

   On November 4, 2013, Plaintiffs First American Title Insurance Company ("First American"), North American Title Insurance Company ("North American"), John Moreiko, Robert Eric Kalter, Marc Meshekow, and North Beverly Development, Inc. (collectively, "Plaintiffs") filed a Memorandum of Contentions of Law and Fact. ("Plaintiffs' Contentions") (Doc. No. 145.)  From Plaintiffs' Contentions, it is unclear whether the Court has subject-matter jurisdiction in this action.  For the reasons set forth below, the Court orders Plaintiffs to show cause regarding subject-matter jurisdiction.

   "In civil cases, subject matter jurisdiction is generally conferred upon federal

EDCV 12-01604 VAP (DTBx)
RANDY HORN D.D.S., INC. PROFIT SHARING PLAN, ET. AL. v. HIGH POINT SERVICES, INC., ET. AL.
MINUTE ORDER of November 21, 2013

district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). The Court has an independent obligation to ensure that its subject-matter jurisdiction has been invoked properly. Fed. R. Civ. P. 12(h)(3). Whether or not a party questions a federal court's subject matter jurisdiction, the district court must raise and address the issue sua sponte. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

The claimed basis for subject matter jurisdiction is federal question jurisdiction under 18 U.S.C. 1964. (See Second Amended Complaint ("SAC") (Doc. No. 59) ¶ 23.) Upon review of Plaintiffs' Contentions, the Court finds that the only remaining federal RICO claims are two claims under 18 U.S.C. 1962(c) and (d) alleged against only one Defendant, Ms. Sandra Abreu. (Plaintiffs' Contentions at 1-3). Plaintiffs allege Defendant Abreu engaged in a criminal enterprise by "wrongfully notarizing documents in connection with the fraudulent real estate transactions." (Id. at 3.) As stated in the Contentions and pled in the SAC, Plaintiffs have not alleged sufficient facts to support Ms. Abreu was a participant in a criminal enterprise.

Section 1962(c) requires the existence of an "enterprise." 18 U.S.C. 1962(c); U.S. v. Turkette, 452 U.S. 576, 593 (1981). To establish the existence of an "enterprise", plaintiffs must allege an ongoing organization, formal or informal, and evidence that the alleged participants conducted themselves as a continuing unit. Odom v. Microsoft Corp., 486 F.3d 541, 552 (9th Cir. 2007). To "participate, directly or indirectly, in the conduct of such enterprise's affairs one must have some part in directing those affairs." Walter v. Drayson, 538 F.3d 1244, 1248 (9th Cir. 2008) (citing Reves v. Ernst & Young, 507 U.S. 170, 177 (1993)). A RICO Defendant must "participate in the operation or management of the enterprise." Baumer v. Pachl, 8 F.3d 1341, 1344 (9th Cir. 1993); see Webster v. Omnitrition Intern. Inc., 79 F.3d 776, 789 (9th Cir. 1996) ("purely ministerial" role as officer in a corporation insufficient to warrant liability under section 1962(c)); Ally Bank v. Castle, 2012 WL 3627631, *1, 13-15 (N.D. Cal. May 30, 2013) ("A proper RICO defendant must have exerted 'managerial control' over the enterprise, not simply have been used to further the wrongful efforts of the enterprise.").

EDCV 12-01604 VAP (DTBx)
RANDY HORN D.D.S., INC. PROFIT SHARING PLAN, ET. AL. v. HIGH POINT SERVICES, INC., ET. AL.
MINUTE ORDER of November 21, 2013

    In Ally Bank, the Northern District of California found the conduct of defendants alleged to have been involved in a RICO enterprise as notaries did not "rise to the level of managerial or operational control of the enterprise, but appears to be merely ministerial in accomplishing its ends." 2012 WL 3627631, at *14. Here, as in Ally Bank, Plaintiffs have only alleged Defendant Abreu participated in the enterprise by "wrongfully notarizing documents" and does not allege she was part of the management or operations of the enterprise or had some role in directing the affairs. These allegations are not sufficient to support a claim under section 1962(c), and similarly fail to support a conspiracy claim under section 1962(d). See id. at 15. Accordingly, Plaintiffs have failed to plead adequately any federal claims.

    In addition, the Court notes Defendants Republic Monetary Exchange ("Republic"), Loan Solution Inc. ("Loan Solution"), and Colleen Bigler have raised the issue of subject matter jurisdiction in their Contentions of Facts and Law. (See Loan Solution, Inc. and Colleen Bigler Rule 16 Pre-Trial Conference Memorandum of Contentions of Facts and Law ("Loan Solution's Contentions") (Doc. No. 148) and Supplement of Defendant Republic Monetary Exchange LLC To Memorandum of Contentions of Law and Fact ("Republic's Supplemental Contentions") (Doc. No. 165).) In their Contentions, Republic and Loan Solution assert that Plaintiffs plan to dismiss the RICO claims against the sole remaining RICO Defendant, Sandra Abreu, because she is not the person who was actually involved in the conspiracy. (Loan Solution's Contentions at 3; Republic's Supplemental Contentions at 1.)

    Finding that the basis of the Court's jurisdiction is unclear, the Court ORDERS Plaintiffs to show cause why this action should not be remanded for lack of subject-matter jurisdiction. Plaintiffs shall file a response in writing no later than Wednesday, November 28, 2013.

    **IT IS SO ORDERED.**

**EDCV 12-01604 VAP (DTBx)**
**RANDY HORN D.D.S., INC. PROFIT SHARING PLAN, ET. AL. v. HIGH POINT SERVICES, INC., ET. AL.**
**MINUTE ORDER of November 21, 2013**