UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY HORN, D.D.S., etc. et al., <br><br> Plaintiffs, <br><br> v. <br><br> HIGH POINT SERVICES, INC., et al., <br><br> Defendants. | Case No. EDCV 12-1604-VAP(DTBx) <br><br> **MEMORANDUM DECISION AFTER COURT TRIAL ON EQUITABLE ISSUES** |

The legal claims in this case were tried to a jury on December 3, 4, 5, 6, and 10, 2013. The jury returned its verdict on December 12, 2013, finding in favor of Plaintiffs on their claims and awarding damages, as set forth in the Special Verdicts (Doc. No. 228).

Defendant Republic Monetary Exchange, LLC ("Republic") raised the equitable issue whether Plaintiffs North American Title Insurance Company ("North American") and First American Title Insurance Company ("First American"), who substituted into this action as Plaintiffs in place and stead of their insureds, David

Kirton and Randy Horn respectively, were entitled to subrogation. On November 26, 2013, the Court issued a minute order bifurcating the equitable issue of the right to subrogation, and ordering that issue be tried to the Court once the jury trial on Plaintiffs' claim for conversion was completed. (November 26, 2013 Minute Order (Doc. No. 187).)

Accordingly, the issue of the equitable right to subrogation was tried to the Court on December 12, 2013, and the Court took the matter under submission at the conclusion of the hearings on that date. The Court having considered all the evidence presented by the parties, as well as the argument of counsel, rules as follows.

**LEGAL STANDARD**

"Subrogation has its source in equity and arises by operation of law. . . ." While [an] insurer by subrogation steps into the shoes of the insured, that substitute position is qualified by a number of equitable principles." State Farm General Insl. Co. v. Wells Fargo Bank, N.A., 143 Cal. App. 4th 1098, 1106-07 (2006) (citations omitted).

There are eight elements to the right of subrogation: "[1] the insured suffered a loss for which the defendant

2

1  is liable, either as the wrongdoer whose act or omission
2  caused the loss or because the defendant is legally
3  responsible to the insured for the loss caused by the
4  wrongdoer; [2] the claimed loss was one for which the
5  insurer was not primarily liable; [3] the insurer has
6  compensated the insured in whole or in part for the same
7  loss for which the defendant is primarily liable; [4] the
8  insurer has paid the claim of its insured to protect its
9  own interest and not as a volunteer; [5] the insured has
10 an existing, assignable cause of action against the
11 defendant which the insured could have asserted for its
12 own benefit had it not been compensated for its loss by
13 the insurer; [6] the insurer has suffered damages caused
14 by the act or omission upon which the liability of the
15 defendant depends; [7] justice requires that the loss be
16 entirely shifted from the insurer to the defendant, whose
17 equitable position is inferior to that of the insurer;
18 and [8] the insurer's damages are in a liquidated sum,
19 generally the amount paid to the insured."  Interstate
20 Fire & Cas. Ins. Co. v. Cleveland Wrecking Co., 182 Cal.
21 App. 4th 23, 33-34 (2010) (quoting Fireman's Fund Ins.
22 Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279, 1292
23 (1998).)

25      Although the California courts have identified eight
26 elements of a claim for subrogation, the parties here
27 only dispute one of these, i.e., that justice requires

that the loss be entirely shifted to the defendant, whose equitable position is inferior to that of the insurer – sometimes referred to as the doctrine of superior equities.

## ANALYSIS

First American and North American, the subrogating insurers, bear the burden or establishing that they have superior equities in seeking recovery against Republic. See State Farm, 143 Cal. App. 4th at 1111.  "The aim of equitable subrogation is to shift a loss for which the insurer has compensated its insured to one who caused the loss, or who is legally responsible for the loss caused by another and whose equitable position is inferior to the insurer's."  Id. at 1112.  In determining whether the right of subrogation may be invoked against a third party, the Court looks to whether the third party is "guilty of some wrongful conduct which makes his equity inferior" to that of the insurer's.  Id. at 1111; see Barclay Kitchen, Inc. v. California Bank, 208 Cal. App. 2d 347, 357 (1962) (Insurer had superior equities to negligent third party); Hartford Acc. & Indem. Co. v. All Am. Nut Co., 220 Cal. App. 2d 545, 562 (1963) (Insurer had superior equities to third party that failed to prevent loss despite constructive notice of facts that should have put third party on notice to fraud).

The jury in this case determined that Republic is liable for the conversion of insured Randy Horn's ("Horn") personal property. (Special Verdict Form No. 3A.) The jury also found that Republic is liable for conversion of insured David Kirton's ("Kirton") personal property. (Special Verdict Form No. 3B.) In finding Republic converted Horn and Kirton's property, the jury determined that Republic's conduct was a substantial factor in causing harm to Horn and Kirton. The jury also determined that Republic had constructive notice of the underlying criminal conduct that was a direct cause of the harm to Horn and Kirton. (<u>See</u> Special Verdict Form Nos. 3A and 3B.)

In balancing the equities, the Court is guided by the jury's finding on causation of the harm and liability for conversion. <u>See</u> <u>Truck Ins. Exch. v. Cnty. of Los Angeles</u>, 95 Cal. App. 4th 13, 18, 27 (2002) (Insurer had superior equities where jury had found third party negligent and responsible for the insured's harm). The evidence adduced at the trial on the equitable issue demonstrated no failure on the part of North American or First American with respect to their duties as title insurance companies to their insured. Moreover, the evidence adduced during the trial did not suggest the title insurance companies were at fault in any way, or had inferior equities. Accordingly, the Court finds that

Republic's wrongful conduct renders its equity inferior to that of insurers, North American and First American. North American and First American have demonstrated they have superior equities, and therefore have a right of subrogation.

**CONCLUSION**

The above analysis constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52.  For the foregoing reasons, the Court finds North American and First American are entitled to assert their equitable rights of subrogation.

Dated: January 17, 2014

　　　　　　　　　　　　　　VIRGINIA A. PHILLIPS
　　　　　　　　　　　　United States District Judge